IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| CHRISTOPHER E. KOCH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-811-HE |
|  | ) |  |
| JOHN CARLISLE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff, Christopher E. Koch, a state prisoner appearing pro se and in forma pauperis, has filed a complaint under 42 U.S.C. § 1983 seeking redress for alleged violations of his religious rights. Chief United States District Judge Joe Heaton has referred the matter for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the Court is Defendant's Motion to Dismiss [Doc. No. 22]. Plaintiff has responded to the Motion. *See* Plaintiff's Response [Doc. No. 25]. For the reasons set forth below, it is recommended that Defendants' Motion be denied.

### I. Background

Plaintiff is a state prisoner confined at the Lawton Correctional Facility (LCF), a private prison operated by a corporation pursuant to a contract with the Oklahoma Department of Corrections. Compl. 1 [Doc. No. 1].[1] Plaintiff alleges that he is "a faithful and reliable member of the Satanic faith" and has been for many years. *Id.* at 3, 6. According to Plaintiff, Defendant John Carlisle, the LCF Chaplain, and Defendant Hector Rios, the LCF Warden, were responsible for the religious activities at LCF and both willfully and arbitrarily denied him the right to worship and participate in the ceremonies of the "Festival of the Winter Solstice." *Id.* at 3.

---

[1] Page references to court filings are to the CM/ECF page number.

## II. Facts

On October 15, 2014, Plaintiff submitted a request for the "Satanic / Left Hand Path Faith" to worship and participate in the Festival of the Winter Solstice. *Id.* at Ex. 3.[2] On November 5, 2014, Defendant Carlisle responded to the request by stating: "Every religious group on this facility must celebrate their religious ceremonies on their designated nights, you are no exception. You need to celebrate it on Dec. 17th or 24th. Let me know." *Id.* at 7, Ex. 3.

This outcome was untenable to Plaintiff. According to him, "altering the date of the rite is not in accordance with the event in the lunar cycle." *Id.* at Ex. 4. Further, in a grievance related to a separate holiday attached to his Complaint, Plaintiff contends: "[A]ll my religious holidays fall under the 'lunar cycle' and to be held on the day/it is to be observed, not whenever it is convenient, to do so would be a blasphemy against my faith and my God." *Id.* at Ex. 17. In response, Plaintiff filed a grievance to Defendant Rios on November 10, 2014, asserting that Defendant Carlisle's decision was not in accordance with Department of Corrections policy. *Id.* at 7, Ex. 4. Plaintiff specifically requested that he be allowed to have his religious festival on its proper day and that "altering the date of the rite is not in accordance with the event in the lunar cycle." *Id.* at Ex. 4. Defendant Rios' response was:

> Your grievance has been reviewed. Your allotted religious day is Wednesday of every week. You must use one of the two days given by the chaplain (December 17th or 24th). With all the other events going on during that time frame, you must concede to the safety and security of the facility. The facility is also doing visitation on the 21st of December which will preclude staff from observing your festivities.

---

[2] The Court may consider exhibits attached to a complaint when considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

2

*Id.* at Ex. 5. Plaintiff appealed this decision to the Administrative Review Authority (ARA), stating that the festival occurs between 5:00 p.m. and 7:30 p.m. and visitation ends at 4:00 p.m. *Id.* at 7-8, Ex. 6.[3] The ARA denied Plaintiff's appeal on the basis that Plaintiff did not substantiate his appeal with argument or authority. *Id.* at 8, Ex. 7.[4] This lawsuit followed.

**III.     Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

---

[3] According to Plaintiff, and an excerpt from the Satanic Bible attached to the Complaint, the Festival of the Winter Solstice is celebrated on December 21st, typically after sundown. Exhibit 9 to the Complaint, an excerpt from The Satanic Bible, states that the dates of solstices and equinoxes "vary a day or two from year to year, depending on the lunar cycle at the time, but usually fall on the 21st or 22nd of the month." Compl. Ex. 9.

[4] Plaintiff contests the basis of the ARA's denial, but the ARA's reasons for denial are not at issue in Defendants' Motion.

A pro se plaintiff's complaint must be broadly construed under the Rule 12(b)(6) standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## IV. Analysis

### A. Plaintiffs' Claims

Plaintiff brings four claims emanating from the same set of facts—Defendants Carlisle and Rios jointly prohibited Plaintiff from reserving a visitation room to celebrate the Festival of the Winter Solstice on December 21, 2014, the date on which the holiday is celebrated by followers of the Satanic Bible. Plaintiff contends such act willfully and arbitrarily deprived him of the following rights:

- The right to freedom of religion as protected by the Establishment Clause of the United States Constitution;

- The right to freedom of religion as protected by the Free Exercise clauses in the United States Constitution;[5]

- A statutorily enacted right protecting his right to exercise his religion as an inmate under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000-cc, et seq. (RLUIPA); and

- A right to freedom of religion as established by ODOC Policy Statement OP-030112.

---

[5] Plaintiff contends that he brings these claims pursuant to the First and Fourteenth Amendments. The Court interprets Plaintiff's reference to the Fourteenth Amendment to be one applying the First Amendment's Free Exercise and Establishment Clauses to the states via the Fourteenth Amendment.

4

Compl. 3-4, 8.

Plaintiff requests the following relief for his claims as a whole: (1) a declaration that his rights under the Constitution and other laws of the United States have been violated; (2) an injunction ordering Defendants Carlisle and Rios to allow Plaintiff to worship and participate in all ceremonies of his religious faith; (3) $50,000 in compensatory damages against the defendants, jointly and severally; (4) $50,000 in punitive damages against the defendants, jointly and severally; (5) his costs; and (6) any other relief the Court deems just and proper. *Id.* 11.

Defendants seek dismissal only on Plaintiff's Free Exercise and RLUIPA claims. Because Plaintiff sufficiently stated a claim under both theories and Defendants failed to address the remaining claims brought by Plaintiff, Defendants' motion should be denied.[6]

## B. Plaintiff's RLUIPA Claim

### 1. Plaintiff Meets His Burden

RLUIPA limits the governmental imposition of substantial burdens on the religious exercise of prisoners. *See* 42 U.S.C. § 2000cc-1(a). Restrictions on this right are only permitted if the burden is in furtherance of a compelling governmental interest and the restriction is the least restrictive means of furthering such interest. *Id.* Thus, the ability of prisons to restrict an inmate's ability to practice his religion while in custody is greatly hindered. This limitation of governmental power was imposed by a unanimous Congress in this context to avoid religious discrimination

---

[6] Defendants did not address Plaintiff's Establishment Clause and ODOC policy claims, the capacity in which the Defendants have been sued, the type of relief sought, or whether Plaintiff has sufficiently exhausted his administrative remedies as to the claims raised and the relief sought. The Court declines to address those matters at this time and instead limits its review to the issues raised in Defendants' motion.

where the record of such discrimination was "clear and compelling." *Yellowbear v. Lampert*, 741 F.3d 48, 52-53 (10th Cir. 2014). Under this framework, the Court analyzes Plaintiff's claims.

In order to state a RLUIPA claim, a plaintiff must plead that he wishes to engage in a religious exercise, motivated by a sincerely held belief, which is subject to a substantial burden imposed by the government. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010) (setting forth elements in a summary-judgment context); *see also Williams v. Wilkinson*, 645 F. App'x 692, 699 (10th Cir. 2016) (unpublished) (applying the elements to a 12(b)(6) context). Defendants do not contest that Plaintiff adequately pleaded that he wished to engage in a religious exercise and such exercise was motivated by a sincerely held belief.[7] Instead, they claim that Plaintiff failed to establish that Defendants' actions constituted a substantial burden on the free exercise of his faith. Def.'s Mot. 10-11.

The Tenth Circuit has outlined three situations in which a plaintiff's religious exercise is substantially burdened:

> when (at the very least) the government (1) requires the plaintiff to participate in an activity prohibited by a sincerely held religious belief, (2) prevents the plaintiff from participating in an activity motivated by a sincerely held religious belief, or (3) places considerable pressure on the plaintiff to violate a sincerely held religious belief—for example, by presenting an illusory or Hobson's choice where the only realistically possible course of action available to the plaintiff trenches on sincere religious exercise.

*Yellowbear*, 741 F.3d at 55. Defendants correctly point out that the first and third scenarios are inapplicable here, as Plaintiff does not allege that he was required to participate in an activity or

---

[7] Defendants did not address these factors at all in their motion, perhaps in recognition of the low burden a plaintiff has with regard to establishing these factors. *See Yellowbear*, 741 F.3d at 54-55 (holding that in addressing sincerity, a court is limited to asking whether the claimant seeks to perpetuate a fraud on the court, and that the court lacks "any license to decide the relative value of a particular exercise to a religion" and includes assembling with others for a worship service).

was pressured into violating his sincerely held religious belief. Instead, Plaintiff pleads facts associated with the second factor: he asked to assemble with others for the Festival of the Winter Solstice, but was prevented from doing so because Defendants denied his request. Defendants argue that Plaintiff's right to hold the ritual was not substantially burdened because Plaintiff could have performed the ritual on another day. Def.'s Mot. 12.

Defendants' argument, however, does not withstand the facts pleaded by Plaintiff. Courts "take religious claimants as [they] find them, assessing the coercive impact of the government's actions on the individual claimant's ability to engage in a religious exercise, as he understands that exercise and the terms of his faith." *Yellowbear*, 741 F.3d at 55. Plaintiff set forth in the Complaint (and attached exhibits) that he believed that the Festival of the Winter Solstice must be celebrated in accordance with the lunar calendar, which landed on December 21, 2014. Compl. Ex. 4. Plaintiff also stated in his response brief that "religious festivals and holidays <u>are</u> <u>not</u> 'personalized rituals,' <u>they</u> <u>are</u> <u>group</u> <u>events</u>." Plf.'s Resp. 7 (emphasis in original).[8] In other words, Plaintiff pleaded that he believes he must exercise his religion in a particular manner—by celebrating a holiday with a group on its actual date[9]—and Defendants have prohibited him from doing so. Because the Court must accept the facts pleaded as true, Plaintiff plausibly asserts he has been

---

[8] The Court has discretion to consider additional facts asserted in a response brief to a motion to dismiss if they are consistent with the facts and theories advanced in the complaint. *See Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001); *see also Barnes v. City of Okla. City*, No. CIV-10-1338-D, 2011 WL 5326251, at *4 (W.D. Okla. Nov. 3, 2011) (may consider additional factual allegations offered in response brief regardless of whether plaintiffs have requested leave to amend or offered an amended pleading).

[9] In support of their argument to dismiss the free-exercise claim, but also pertinent to the RLUIPA claim's substantial-burden analysis, Defendants argue Plaintiff could have celebrated the Festival of the Winter Solstice alone in his cell utilizing a personalized ritual supported by the Satanic Bible. *Id.* at 7.

7

prevented from participating in an activity motivated by a sincerely held religious belief and has satisfied his burden for setting forth a plausible claim.

### 2. Defendants' Burden is Not Met at This Stage

For purposes of this motion, Plaintiff was successful in plausibly establishing his initial burden of proof. Defendants, then, must prove that their decision was in furtherance of a compelling governmental interest and that it was the least-restrictive means of protecting such interest. *See Holt v. Hobbs*, -- U.S. --, 135 S. Ct. 853, 863 (2015). Defendants do not meet their burden at this stage because Plaintiff alleged facts in the Complaint contradicting Defendants' arguments. Accordingly, dismissal is not appropriate at this stage.

When determining whether a prison's action is in furtherance of a compelling interest, a Court must determine "whether the government's particular interest in burdening this plaintiff's particular religious exercise is justified." *Yellowbear*, 741 F.3d at 57; *see also Holt*, 135 S. Ct. at 863. Defendants argue that unless the prison enforces the weekly worship schedule (in which each religious group has a designated weekly date and time to worship), the prison will constantly have to re-arrange the worship schedule, which would "lead to organizational chaos with inmates being led to different rooms to worship at different times with no routine consistency." Def.'s Mot. 13. This, according to Defendants, would lead to an increased possibility of administrative mistakes which "can be quite dangerous." *Id.* at 13-14.

While courts should respect the expertise of prison officials in evaluating the likely effects of altering prison rules, RLUIPA does not permit unquestioning deference. *See Holt* 135 S. Ct. at 863-64; *Yellowbear* 741 F.3d at 59-60 (holding that deference does not extend so far that prison officials may declare a compelling governmental interest by fiat and that doing so would render RLUIPA's strict scrutiny "no scrutiny at all"). Defendants' arguments border on unquestioning

deference. Indeed, notwithstanding Defendants' failure to expound upon the type of dangerous mistake that may occur if Plaintiff and others are allowed to celebrate his religious holiday, Defendants' safety arguments are seemingly undermined by their admission that "occasional deviations from the schedule to accommodate religious holidays . . . can be handled safely." Def.'s Mot. 13. What is more, even if Defendants had shown that their actions were in furtherance of a compelling interest, their Motion is silent as to whether they utilized the least restrictive means of furthering that interest. Based on the plausibility standard and the facts as pleaded by Plaintiff—which must be accepted as true—Defendants have not met their burden and their motion should be denied.

### C. Plaintiff's Free Exercise Claim

Plaintiff also asserts that Defendants' actions violated his right to freely exercise his religion. "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). A free-exercise claim brought by a prisoner is analyzed under a two-step test. First, the court must consider whether a "plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997)). Then, the court considers whether defendants identify "legitimate penological interests" that justify the conduct impinging on plaintiff's religious beliefs. *Id.* (citing *Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)). There, the court balances the four factors established in *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), to determine the reasonableness of the policy:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right

> are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Kay*, 500 F.3d at 1219 (citing *Boles*, 486 F.3d at 1182).

Defendants again do not address whether Plaintiff's beliefs are religious in nature and whether they are sincerely held. As addressed above, however, Plaintiff pleaded facts in his Complaint which plausibly suggest a sincerely-held religious belief. Further, "[t]he inquiry into the sincerity of a free-exercise plaintiff's religious beliefs is almost exclusively a credibility assessment, . . . and therefore the issue of sincerity can rarely be determined on summary judgment, let alone a motion to dismiss." *Id.* (quotation omitted).

Defendants instead address the four *Turner* factors and conclude that they did not infringe on Plaintiff's right to freely exercise his Satanic faith. *See* Def.'s Mot. 6-9. While an analysis of the *Turner* factors is necessary at the summary judgment stage, "in ruling on a motion to dismiss, a court need only assess, as a general matter, whether a prison regulation is reasonably related to a legitimate penological interest." *Al-Owhali v. Holder*, 687 F.3d 1236, 1240 (10th Cir. 2012) (internal quotation omitted). Therefore, "the four *Turner* factors need not be part of the analysis at the pleading stage." *Id.* Instead, the Court must determine whether Plaintiff pleaded "facts from which a plausible inference can be drawn that the action was not reasonably related to a legitimate penological interest. *Gee*, 627 F.3d at 1188.

In the Complaint, Plaintiff quoted Defendant Rios' response to his grievance which identified safety and security of the facility as the reason for denying Plaintiff's request for the group celebration of the Festival of the Winter Solstice. Compl. 7. Safety and security are legitimate penological interests. *See, e.g. Stallings v. Werholtz*, 492 F. App'x 841, 845 (10th Cir.

10

2012) (unpublished) (identifying institutional security as a legitimate penological interest); *Estate of DiMarco v. Wyo. Dep't of Corr., Div. of Prisons*, 473 F.3d 1334, 1342 (10th Cir. 2007) (identifying safety as an example of a legitimate penological interest). The question, then, is whether Plaintiff pleaded facts from which the Court can plausibly infer that the denial of Plaintiff's request was not reasonably related to the safety and security of the prison.

The safety and security concerns with Plaintiff's request were tied to "the other events going on during that time frame" and the fact that the facility was "doing visitation on the 21st of December which will preclude staff from observing your festivities." Compl. 7. Plaintiff pleaded that the visitation hours ended at 4:00 p.m., in advance of his request for a room. *Id.* at 9. He further pleaded that his request would not interfere with other LCF events. *Id.* Based on this pleaded fact, the Court can draw a reasonable inference that Defendants' denial was not reasonably related to the safety and security of the prison. Therefore, Plaintiff meets his relatively light burden at this stage of the litigation.

## RECOMMENDATION

It is recommended that Defendants' Motion to Dismiss [Doc. No. 22] be denied. Plaintiff pleaded facts in the Complaint from which the Court can plausibly infer he has stated a claim for relief on both his claim under the Free Exercise Clause of the First Amendment as well as his RLUIPA claim.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by March 23, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report

and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the Chief District Judge in this matter.

ENTERED this 2nd day of March, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE